# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ROBERT D. BENNETT**

        **Plaintiff,**

vs.                                             **CIVIL ACTION NO. 2:22-cv-00453**
                                               **HONORABLE** _____

**HARRY D. BARDON and**
**VIRGINIA TRANSPORTATION CORP.,**

        **Defendants.**

## COMPLAINT

NOW COMES the Plaintiff, Robert D. Bennett, by and through counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for his Complaint:

1. Plaintiff Robert D. Bennett (hereinafter referred to as "Mr. Bennett"), is a resident of Nicholas County, West Virginia.

2. Defendant Harry D. Bardon (hereinafter referred to as "Defendant Bardon"), is, upon information and belief, a resident of the State of Georgia.

3. Defendant Virginia Transportation Corp. is, upon information and belief, a Rhode Island Corporation having a principal office address of 141 James P. Murphy Highway, West Warwick, Rhode Island 02893.

4. Defendant Virginia Transportation Corp. is an interstate motor carrier registered with the U.S. Department of Transportation under U.S.D.O.T. No. 643760.

5. Pursuant to *28 U.S.C.* § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Pursuant to *28 U.S.C.* § 1391, the United States District Court for the Southern District of West Virginia, Charleston Division, is an appropriate venue for this action as the crash that forms the basis for this civil action and the cause of action arose in Nicholas County, West Virginia.

7. Defendant Bardon and Defendant Virginia Transportation Corp. are subject to the jurisdiction and venue of this Court.

**General Facts**

8. On November 13, 2020, Mr. Bennett was an operator of a 2007 Dodge Ram 2500 traveling westbound with a green light from North Industrial Drive onto U.S. Route 19 where Industrial Drive and Route 19 intersect in Summersville, Nicholas County, West Virginia.

9. At that same time and place, Defendant Bardon was operating a 2019 Peterbilt tractor hauling a loaded trailer traveling northbound on U.S. Route 19.

10. As Mr. Bennett traveled into the intersection with a green light in the northbound lanes on U.S. Route 19, Defendant Bardon ran a red light and collided with the driver's side of Mr. Bennett's Dodge Ram.

11. Mr. Bennett suffered severe injuries as a direct and proximate result of the crash described above and Defendant Bardon's (i) negligent and reckless conduct and/or (ii) conscious and outrageous indifference to the health, safety and welfare of others.

12. On November 13, 2020, Defendant Bardon held a commercial drivers license (hereinafter "CDL") issued by the State of Florida.

13. At the time of the crash, Defendant Bardon was employed by Defendant Virginia Transportation Corp. as a commercial motor vehicle driver.

14. At the time of the crash, Defendant Bardon was acting as an agent of Defendant Virginia Transportation Corp.

15. At the time of the crash, Defendant Bardon was a permissive user of the tractor-trailer involved in the crash.

16. Defendant Virginia Transportation Corp. and Defendant Bardon are responsible for causing the crash.

17. Defendant Virginia Transportation Corp. and Defendant Bardon accept responsibility for causing the crash.

18. Defendant Virginia Transportation Corp. and Defendant Bardon accept responsibility for causing the crash and all damages directly and proximately caused by the crash.

19. Defendant Virginia Transportation Corp. and Defendant Bardon accept responsibility for causing the crash and the severe injuries occurring to Mr. Bennett.

### Count I - Negligence and Prima Facie Negligence
### of Harry D. Bardon

20. Mr. Bennett incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

21. At all relevant times, Defendant Bardon owed certain duties to members of the public, including Mr. Bennett.

22. In addition to those instances of negligence set forth elsewhere in this Complaint, Defendant Bardon was negligent in at least the following specific ways:

    (a) Failing to adhere to safe driving principles expected of professional truck drivers with a CDL;

    (b) failing to operate the tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

  (c)  failing to conduct a proper visual search;

  (d)  failing to appropriately manage space and speed in order to stop at a red light;

  (e)  traveling through an intersection against a red light;

  (f)  failing to bring the tractor-trailer to a smooth stop;

  (g)  failing to keep the tractor-trailer under control;

  (h)  colliding with another motorist that had the right of way;

  (i)  driving his vehicle in reckless disregard for the safety of other people on the road; and

  (j)  failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

23. At the time of the collision, Defendant Bardon was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

24. At the time of the collision, Defendant Bardon was also subject to the laws of the State of West Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

25. Mr. Bardon was *prima facie* negligent in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

26. Chapter 49, Part 392.2 of the Code of Federal Regulations provides, in pertinent part: "[e]very commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated."

27. Pursuant to West Virginia law, specifically *West Virginia Code* §§ 17C-3-4, 17C-6-1, and 17C-5-3, Mr. Bardon was required to: (a) obey the instructions of all official traffic control devices; (b) not drive at a speed greater than that which was reasonable and prudent under

the existing conditions and actual and potential hazards; (c) control his speed as necessary to avoid colliding with any vehicle on the highway; (d) use due care and maintain control of the tractor-trailer he was operating; and (e) not engage in a willful or wanton disregard for the safety of other persons or property.

28.  Mr. Bardon violated the requirements of *West Virginia Code* §§ 17C-3-4, 17C-6-1, and 17C-5-3 by, among other things, failing to stop at the red light; driving at a speed greater than that which was reasonable and prudent under the existing conditions and actual and potential hazards; failing to control his speed as necessary to avoid colliding with the vehicle Mr. Bennett was operating; failing to use due care and maintain control of the tractor-trailer he was operating; and engaging in a willful or wanton disregard for the safety of other persons or property.

29.  Mr. Bardon's negligent and/or reckless conduct proximately caused the crash.

30.  As a direct and proximate result of Defendant Bardon's violations of the law and his negligent and/or reckless conduct, Mr. Bennett suffered severe physical injuries and pain and suffering.

**Count II - Virginia Transportation Corp.'s Liability for the Negligence of Bardon**

31.  Mr. Bennett incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

32.  At the time of the collision, Defendant Bardon was acting within the course and scope of his employment or agency with Defendant Virginia Transportation Corp.

33.  Under the principles of *respondeat superior*, actual agency and apparent agency, Defendant Virginia Transportation Corp. is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Bardon.

34. By virtue of vicarious liability, Defendant Virginia Transportation Corp. is liable to Mr. Bennett for all damages allowed by law and as set forth herein.

35. Mr. Bennett was free from all negligence at all times relevant to this Complaint and did not contribute to his own injuries.

36. As a direct and proximate result of Defendant Harry D. Bardon and Defendant Virginia Transportation Corp.'s negligent, careless and/or reckless conduct and the incident described above, Mr. Bennett suffered severe injuries to his body, for which he has and will continue to experience and/or incur:

   (a) medical expenses, past and future;

   (b) pain and suffering, past and future;

   (c) physical limitations, past and future;

   (d) diminished capacity to enjoy life, past and future;

   (e) annoyance and inconvenience, past and future; and

   (f) other consequences and damages associated with his injuries as may be specified as this action progresses, past and future.

**WHEREFORE**, Plaintiff Robert D. Bennett, hereby requests he be awarded judgment against Defendants Harry D. Bardon and Virginia Transportation Corp. for the following:

   (a) compensatory damages in an amount to be determined by a jury;

   (b) punitive damages, to the extent warranted by the facts and applicable law;

   (c) pre-judgment and post-judgment interest as allowed by law;

   (d) attorneys' fees, costs and expenses incurred in connection with this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**ROBERT D. BENNETT,**

**Plaintiff,**

**By Counsel:**

*/s/ Brian E. Bigelow*
STEPHEN B. FARMER (W.Va. State Bar No. 1165)
ROBERT A. CAMPBELL (W.Va. State Bar No. 6052 )
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
FARMER, CLINE & CAMPBELL, PLLC
P.O. Box 5559
101 N. Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990