UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT D. BENNETT,

    Plaintiff,

v.                        Civil Action No. 2:22-cv-00453

HARRY D. BARDON and
VIRGINIA TRANSPORTATION CORP.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Dismiss, filed on November 14, 2022. ECF No. 8. Plaintiff filed a response on November 21, 2022 (ECF No. 11), and defendants filed a reply on November 28, 2022 (ECF No. 12).

### I. Background

This civil action arises out of a motor vehicle incident occurring in Summersville, Nicholas County, West Virginia on November 13, 2020. First Am. Compl. ¶¶ 8-10, ECF No. 4. Plaintiff, Robert D. Bennett, a resident of Nicholas County, West Virginia, was operating a 2007 Dodge Ram 2500 westbound on North Industrial Drive at the intersection with U.S. Route 19. Id. at ¶¶ 1, 8, 10. Defendant Harry D. Bardon,

a resident of the State of Georgia, was driving a 2019 Peterbilt tractor with a loaded trailer, traveling northbound on U.S. Route 19 near the intersection with North Industrial Drive. Id. at ¶¶ 2, 9.  Defendant Virginia Transportation Corporation ("VTC") is a Rhode Island corporation with a "principal office" in Rhode Island and registered as an interstate motor carrier with United States Department of Transportation. Id. at ¶¶ 3-4. At the time of the incident, VTC employed Bardon as a commercial motor vehicle driver. Id. at ¶ 13.  As Bennett proceeded into the intersection with a green light, Bardon failed to heed a red light and collided with the driver's side of the plaintiff's vehicle. Id. at ¶ 10.  As a result of the crash, Bennett suffered severe injuries. Id. at ¶ 11.  The plaintiff filed an action in this court on October 14, 2022, asserting jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Id. at ¶ 5; Compl., ECF No. 1.  Plaintiff filed a First Amended Complaint on October 28, 2022.  ECF No. 4.

On November 14, 2022, Bardon and VTC filed a joint answer to the plaintiff's first amended complaint, ECF No. 7, as well as a motion to dismiss the plaintiff's punitive damages claim and memorandum in support.  ECF Nos. 8, 9.

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may test the sufficiency of a pleading by moving to dismiss it for "failure to state a claim upon which relief can be granted."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2006).  In order to defeat a 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

In considering a motion to dismiss under Rule 12(b)(6), the court, at this early stage, "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56).  Further, all reasonable inferences are drawn in favor of the plaintiff.  E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011) (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009)).

Federal Rule of Civil Procedure 8(a) sets forth the general rules of pleading in federal court.  See Fed. R. Civ. P. 8(a)(1)-(3).  Most relevant here, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2), as well as "a

demand for the relief sought, which may include relief in the alternative or different types of relief." Id. at (a)(3).

In analyzing the sufficiency of a pleading against a Rule 12(b)(6) motion for failure to state a claim, the claims contained in the pleading are the proper focus of the motion, not the remedies sought. See Mountain Link Assocs., Inc. v. Chesapeake Energy Corp., No. 2:13-cv-16860, 2014 WL 4851993, at *3 n.6 (S.D.W. Va. Sept. 29, 2014) (punitive damages not a cause of action subject to dismissal under Rule 12(b)(6)); Facchetti v. Vest, No. 5:15-cv-00049, 2016 WL 3920487, at *2 (W.D. Va. July 18, 2016) (same). "The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1255 (4th ed. Oct. 2022 update) (collecting cases); see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011); Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002); Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir. 1949) ("[I]t is recognized, without exception, that the prayer forms no part of the cause of action.").

### III.   Analysis

By their motion, the defendants seek to dismiss only the plaintiff's prayer for punitive damages, which they characterize as a "punitive damages claim." Defs.' Mot. Dismiss; Mem. Supp. Defs.' Mot. Dismiss at 2.  Defendants argue that dismissal of the purported punitive damages claim is appropriate under Rule 12(b)(6) because the plaintiff's complaint contains no factual allegations that, if true, would meet the standard under West Virginia law to allow an award of punitive damages.  Id. at 3-5.

In response, the plaintiff argues that a motion to dismiss brought under Rule 12(b)(6) is not the proper vehicle for determining whether a plaintiff is entitled to punitive damages.  Pl.'s Resp. at 1.  In support of that proposition, the plaintiff refers to a recent decision of this court addressing substantially the same question; that is, whether a prayer for punitive damages contained in the ad damnum clause of a plaintiff's complaint may be appropriately dismissed on a Rule 12(b)(6) motion.  See id. at 4, 7-17 (citing to Gillespie v. Elsner, No. 2:22-cv-00322, 2022 WL 11913178 (S.D. W. Va. Oct. 20, 2022)).  In reply, the defendants concede that the plaintiff's claims and remedies are distinct, but contend that dismissal is nevertheless appropriate because

5

> **Defendants are not asking the Court to dismiss Plaintiff's claim for punitive damages standing alone, they are asking the Court to dismiss Plaintiff's illusory claim for willful and wanton negligence purportedly giving rise to the stated claim for punitive damages.**

Defs.' Reply at 1.

Defendants' clarification is unpersuasive in distinguishing the question presently before the court from the one addressed in Gillespie. While conceding that plaintiff's claims and remedies are distinct, the defendants' argument does not apply that distinction to the plaintiff's operative complaint. The plaintiff's First Amended Complaint sets out claims under two counts, namely, "Negligence and Prima Facie Negligence of Harry D. Bardon" under Count I and "Virginia Transportation Corp.'s Liability for the Negligence of Bardon" under Count II, and further includes an ad damnum clause. First Am. Compl. at 3-6. Plaintiff's only prayer for punitive damages is found in the ad damnum clause. Id. at 6.

As in Gillespie, the court notes that the defendants' motion is not the proper vehicle for determining whether the plaintiff is entitled to punitive damages, due to the fact that the plaintiff's claims are distinct from the remedies he seeks. See Mountain Link Assocs., Inc., 2014 WL 4851993, at *3 n.6 (punitive damages not a claim subject to 12(b)(6) motion); see also Jones v. Wake Cnty. Hosp. Sys., Inc., 786 F. Supp. 538, 547

(E.D.N.C. 1991) ("[W]hether or not a party can recover punitive damages goes to the issue of the relief the plaintiff may ultimately be due.  It has no bearing on the validity of the cause of action set out in plaintiff's complaint.").

Factual allegations underpinning a plaintiff's claims are relevant to Rule 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As part of the plaintiff's claims, the sufficiency of factual allegations may be tested by a 12(b)(6) motion for failure to state a claim.  See Wright & Miller, supra, § 1255.  In contrast, a plaintiff's request for punitive damages contained in the complaint's ad damnum clause fall within the scope of Rule 8(a)(3), and as such are not subject to dismissal pursuant to a 12(b)(6) motion.  See id.

Treating the plaintiff's claims and remedies separately, nowhere in the operative complaint is there a claim for punitive damages as the defendants assert.  To the extent that the defendants' argument in reply characterizes the present motion to dismiss as seeking dismissal of a putative "illusory claim" for willful and wanton negligence, the court finds the plaintiff has adequately alleged conduct of a nature that, if proven, would allow for the award of punitive damages under West Virginia law.  "In West Virginia, the 'law has long required

more than a showing of simple negligence to recover punitive damages.'" Hendricks v. Boston Sci. Corp., 51 F. Supp. 3d 638, 642-43 (S.D. W. Va. 2014) (quoting Bennett v. 3 C Coal Co., 379 S.E.2d 388, 394 (W. Va. 1989)). A plaintiff may recover punitive damages by establishing by clear and convincing evidence that a defendant's conduct involved "a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a); Bradley v. Dye, 875 S.E.2d 238, Syl. Pt. 7 (W. Va. 2022). Here, the plaintiff's operative complaint makes allegations of "reckless conduct," "conscious and outrageous indifference," "driving . . . in reckless disregard for the safety of other people on the road," and "engaging in a willful or wanton disregard for the safety of other persons or property." First Am. Compl. at ¶¶ 11, 19(i), 25, 33. Such facts, if proven by clear and convincing evidence at trial, would entitle the plaintiff to recover punitive damages under West Virginia law. Accordingly, the plaintiff has alleged sufficient facts at the pleading stage to survive a motion to dismiss, even if the defendants' motion were properly brought before the court.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss the plaintiff's demand for punitive damages be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: January 23, 2023

John T. Copenhaver, Jr.
Senior United States District Judge

9